<pre>
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   SOUTHERN DISTRICT OF CALIFORNIA
10
</pre>

| ROBERT ORTIZ, | Civil No. 07-0494 WQH (PCL) |
| --- | --- |
| Petitioner, | 07-0521 WQH (PCL) |
| vs. | **ORDER CONSOLIDATING CASES** |
| WILLIAM J. SULLIVAN, Warden, et al., | |
| Respondents. | |

On March 19, 2007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis which the Clerk's Office assigned the case number 07cv0494 WQH (PCL). On May 8, 2007, the Court granted Petitioner's motion and on May 11, 2007, ordered a response to the petition.

On March 21, 2007, Petitioner filed a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which the Clerk's Office assigned case number 07cv0521BEN (POR). The Court dismissed the case on April 3, 2007, because Petitioner failed to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee. On April 10, 2007, Petitioner paid the $5.00 filing fee, and the Court thereafter reopened the case and set a briefing schedule.

After review of case numbers 07cv0494 and 07cv0521, the Court concluded that they were duplicate petitions except for the addition of a fourth ground for relief stated in 07cv0521

1  and, on August 2, 2007, transferred case no. 07cv0521 to the calendar of Judge Hayes pursuant
2  to Local Civil Rule 40.1(d)(4). Both cases are now before this Court.

3  Federal Rule of Civil Procedure 42 seeks to provide the Court with "broad discretion to
4  decide how cases on its docket are to be tried to that the business of the court may be dispatched
5  with expedition and economy while providing justice to the parties." *Huene v. United States*,
6  743 F.2d 703, 704 (9th Cir. 1984) (citing 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
7  FEDERAL PRACTICE AND PROCEDURE § 2381 (2d ed. & Supp. 2000). Specifically, Rule 42
8  affords the Court "broad discretion" to consolidate cases pending in the same district either upon
9  motion by a party or *sua sponte. In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).
10 The Court considers two factors in determining whether to consolidate cases. First, common
11 questions of law and fact must exist to warrant consolidation. *Bank of Montreal v. Eagle
12 Associates*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987). Second, the interest of judicial convenience
13 must outweigh any potential for delay, confusion and prejudice that may result from such
14 consolidation. *Id.* at 532.

15 It appears that in both case nos. 07cv0494 and 07cv0521, Petitioner seeks to attack the
16 same criminal conviction, and the cases involve the same parties and call for the same
17 determinations of fact and law. (*See* Pet. in case nos. 07cv0494 and 07cv0521.) Accordingly,
18 because consolidation of the cases would serve to fairly expedite the resolution of these cases
19 without causing an confusion, prejudice or delay, the Court hereby **ORDERS:**

20 (1) case numbers 07cv0494 WQH (PCL) and 07cv0521 WQH (POR) shall be
21 consolidated under one case number, 07cv0494 WQH (PCL); and
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

| | |
|---|---|
| 1 | (2) the petition in case no. 07cv0521 [doc. no. 1] shall be filed *nunc pro tunc* to March |
| 2 | 21, 2007, as a First Amended Petition in case no. 07cv0494 WQH (PCL); |
| 3 | (3) case no. 07cv0521 WQH (POR) shall be closed. |
| 4 | **The Clerk of the Court shall serve a copy of this Order upon Petitioner and upon** |
| 5 | **the California Attorney General.** |
| 7 | DATED:  August 8, 2007 |

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge